■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN V. MOISE, Appellant.— Judgment of February 19, 1962, insofar as it convicted defendant of the fourth count of the indictment (criminally carrying a loaded pistol) unanimously reversed on the law and facts and new trial granted as to that count and otherwise judgment of conviction unanimously affirmed. The indictment herein contained five counts charging defendant with (1) attempted robbery, first degree, while armed with a loaded pistol; (2) attempted grand larceny; (3) assault, second degree; (4) criminally carrying concealed upon his person a loaded pistol without a license; and (5) criminally possessing three pistols. There was proof upon the trial that defendant entered a small store with a loaded pistol concealed upon his person and carrying an attache case in which there was another loaded pistol. Appellant attempted to obtain personal property by force and in the course thereof produced the weapon concealed upon his person. At the close of the evidence the court denied a motion to dismiss the several counts. In its charge, however, the court withdrew from the jury all of the counts except that of attempted robbery and the charge of criminally carrying concealed a loaded pistol. Although the court in summarizing the proof outlined the evidence relating to the two pistols it was never made clear to the jury that the submitted count related to the firearm that defendant had concealed upon his person and not the one in the attache case. The subject was further confused by the instruction to the jury that they were required to find that appellant "had this pistol or carried it concealed upon his person." This was repeated on one or more occasions. Proof of the weapon in the attache case was initially received under the fifth count of the indictment which was not submitted. It is unnecessary to pass upon the present contention of respondent that such proof was admissible under the fourth count — in other words that it constituted a violation of subdivision 5-a of section 1897 of the Penal Law as distinct from possession in violation of subdivision 4 of the same section. In the state of the present record and in the light of the contentions advanced by the prosecutor in this court defendant is entitled to a new trial on the fourth count where the issues may be framed anew with greater precision and clarity. Concur — Botein, P. J., Stevens, Steuer, Bergan and Bastow, JJ.